IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

GENESIS ATTACHMENTS, LLC,

                    Plaintiff,                    OPINION AND ORDER

v.

                                                  16-cv-402-wmc

DETROIT EDGE TOOL COMPANY,

                      Defendant.

Plaintiff Genesis Attachments, LLC ("Genesis") filed suit in this district against defendant Detroit Edge Tool Company ("DETCO"), claiming that demolition sheer tips manufactured by DETCO infringed Genesis's patent. (Compl. (dkt. #1) ¶13.) While this case was stayed pending *inter partes* review, the United States Supreme Court decided *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514 (2017), which held that a domestic corporation "resides" in its state of incorporation for purposes of the patent venue statute. 28 U.S.C. § 1400(b). Subsequently, the Federal Circuit's issued a related opinion in *In re Cray, Inc.*, 871 F.3d 1355 (Fed. Cir. 2017), narrowing the alternative basis for venue under § 1400(b), requiring that the defendant have a "regular and established place of business." After the stay was lifted, defendant DETCO moved to transfer venue to the Eastern District of Michigan, arguing that venue was improper under the patent venue statute in light of *TC Heartland* and *Cray*. (Def.'s Mot. to Transfer (dkt. #31) 7.) Because the court agrees that DETCO neither "resides" nor has a "regular and established place of business" in the Western District of Wisconsin within the meaning of these opinions, the court will grant defendant's motion to transfer.

In addition to the patent claims, DETCO also asserts patent-related, breach of

contract and promissory estoppel/reliance counterclaims. While DETCO requests that the court sever these counterclaims and maintain jurisdiction over them, the court concludes that the Eastern District of Michigan is a more convenient forum to hear all of defendant's counterclaims and the interests of justice weigh in favor of such a transfer. As such, the court will also transfer the counterclaims as well.

BACKGROUND[1]

Plaintiff Genesis Attachments is a Delaware limited liability company with its headquarters in Wisconsin. (Compl. (dkt. #1) ¶ 2.) Genesis is the assignee of United States Patent No. RE45,341 (the "RE'341 patent"), which is a reissue of United States Patent No. 7,895,755, entitled "Replaceable Demolition Shear Piercing Tip." (*Id.* ¶ 8.) Defendant DETCO is a Michigan corporation with its principle place of business in Detroit, Michigan. (Answ. (dkt. #9) p.1, ¶ 3.) DETCO was a supplier to Genesis of patented tips for use in various Genesis products. (*Id.* at p.5, ¶ 5.) DETCO does not manufacture or store its products in Wisconsin; it does not have any employees physically located in Wisconsin; and it does not maintain a physical location in the Western District. (*See* Ebbing Decl. (dkt. #30) ¶¶ 4-8.)

In June 2016, Genesis filed suit in the Western District for patent infringement. In its answer, DETCO denied that venue was proper in this court for the infringement claim. (Answ. (dkt. #9) p.2, ¶ 6.) DETCO also filed counterclaims, alleging non-infringement,

---

[1] The following facts are based on the complaint, answer and a declaration of DETCO's president. For purposes of the motion to transfer, Genesis does not dispute these facts. (Pl.'s Opp'n (dkt. #33) 2.)

invalidity, breach of contract, and promissory estoppel. (*Id.* at pp.5-9.) In April 2017, the case was stayed pending reexamination by the USPTO. In January 2019, the case was reopened, and two days later DETCO filed the present motion to transfer venue for the patent infringement claim based on the intervening decisions by the Supreme Court in *TC Heartland* and by the Federal Circuit in *Cray*.

OPINION

**I. Venue for Genesis's Patent Infringement Claim**

Venue in patent cases is controlled by 28 U.S.C. § 1400(b), which states that "[a]ny civil action for patent infringement may be brought in the judicial district [1] where the defendant resides, or [2] where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). In *TC Heartland*, the Supreme Court held that a domestic corporation only "resides" in the state where it is incorporated. 137 S. Ct. at 1520. Shortly after the Supreme Court's decision in *TC Heartland*, the Federal Circuit considered the scope of the second prong of the patent venue statute in *Cray*. To satisfy this prong, the Federal Circuit set forth three requirements: "(1) there must be a physical place in the district; (2) the place must be a regular and established place of business; and (3) it must be the place of the defendant." 871 F.3d at 1360.

In its recent motion, DETCO contends that Genesis cannot establish venue under the patent venue statute in the Western District of Wisconsin because: (1) DETCO does not "reside" in Wisconsin; and (2) DETCO does not have a "regular and established place

3

of business" in Wisconsin. (Def.'s Mot. (dkt. #31) 9.) Absent a finding of waiver, DETCO does not argue that venue is proper in this district in light of *TC Heartland* and *Cray*, nor could it. First, DETCO does not "reside" in Wisconsin within the meaning of *TC Heartland* as it is incorporated only in Michigan. Second, DETCO cannot meet the Federal Circuit's definition of "a regular and established place of business" in *Cray*, as plaintiff concedes, because the corporation does not even have a physical presence in the state of Wisconsin. (*See* Ebbing Decl. (dkt. #30) ¶¶ 4-8; Pl.'s Opp'n (dkt. #33) 2 ("Genesis does not take issue with DETCO's presentation of the basic facts.").)

Instead, Genesis argues that DETCO waived any objections to venue by (1) not moving to transfer in the eight months *before* the case was stayed, and (2) consenting to venue by asserting counterclaims. (Pl.'s Opp'n (dkt. #33) 2.) Genesis maintains that DETCO waived any objection because it "chose to do nothing about the venue defense" raised in its answer for eight months leading up to the stay and the intervening Supreme Court and Federal Circuit decisions. (Pl.'s Opp'n (dkt. #33) 4.) In contrast, DETCO argues that by pleading that venue was improper at the outset of this case, it actually *reserved* this defense. In any event, DETCO argues an exception to the general rule of waiver applies because the combination of the *TC Heartland* and *Cray* decisions constitutes an intervening change in the law governing venue in patent cases. (Def.'s Mot. (dkt. #31) 10-11.)

Normally, Genesis's waiver might well have merit, since defendant had done nothing to challenge venue after its initial pleading. *See* 28 U.S.C. § 1406(b) ("Nothing in this chapter shall impair the jurisdiction of a district court of any matter involving a party

4

who does not interpose timely and sufficient objection to the venue."). However, an intervening change in the law provides an exception to the general rule of waiver, particularly where there is no arguable prejudice to plaintiff by the delay in light of the long stay of proceedings awaiting action by the Patent Trial and Appeal Board. *See In re Micron Tech., Inc.*, 875 F.3d 1091, 1097-98 (Fed. Cir. 2017) ("[A] sufficiently sharp change of law sometimes is a ground for permitting a party to advance a position that it did not advance earlier in the proceeding when the law at the time was strongly enough against that position."); *Holland v. Big River Minerals Corp.*, 181 F.3d 597, 605-06 (4th Cir. 1999) (citing *Curtis Publ'g Co.*, 388 U.S. 130, 143 (1975) (plurality opinion)) ("The intervening law exception to the general rule that the failure to raise an issue timely in the district court waives review of the issue . . . applies when 'there was strong precedent' prior to the change . . . such that failure to raise the issue was not unreasonable and the opposing party was not prejudiced by the failure to raise the issue sooner.").

The Supreme Court's decision in *TC Heartland* unquestionably changed the law of venue in patent cases. *Micron*, 875 F.3d at 1099. In particular, controlling precedent precluded this court from sustaining an objection to venue based on § 1400(b) prior to the *TC Heartland* decision. *See id.* at 1098; *see also Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories, Inc.*, 265 F. Supp. 3d 1196, 1206 (D. Or. 2017) (explaining that a venue objection based on §1400(b) was unavailable to the defendant prior to *TC Heartland*). Although DETCO denied venue was proper in its answer, it would have been a futile exercise for DETCO to file a motion to transfer venue, as Genesis argues it should have, in the face of contrary, controlling precedent in effect at that time. *See Columbia*

5

*Sportswear*, 265 F. Supp. 3d at 1206 ("Defendant could not have reasonably been expected to make an argument contrary to twenty-seven years of binding precedent."); *see also Holzsager v. Valley Hosp.*, 646 F.2d 792, 796 (2d Cir. 1981) ("The clairvoyance demanded by plaintiff here of the [defendant] is inconsistent with the doctrine of waiver.").

Since the venue defense was not "available" at the time DETCO filed its answer in 2016, nor during the short time before the stay was granted in April 2017, defendant cannot be faulted for not pressing the venue issue until the stay was lifted in January 2019, at which point it promptly moved to transfer venue.[2] *See Micron*, 875 F.3d at 1096 ("The venue objection was not available until the Supreme Court decided *TC Heartland* because, before then, it would have been improper, given controlling precedent, for the district court to dismiss or to transfer for lack of venue."). The defense only became available in January 2019 when the case was reopened. Because DETCO acted reasonably and timely in response to this change in the law by filing the present motion, and Genesis has not identified any good grounds for claiming prejudice, the court declines to find based on any alleged delay in bringing the motion.

More obliquely, Genesis also argues that DETCO'S assertion of counterclaims acts as a waiver. Here, however, defendant asserted improper venue as an affirmative defense. Given that context, and in light of the fact that these counterclaims have not been actively litigated because of the stay, the court declines to find waiver. *See, e.g., H.W.J. Designs for Agribusiness, Inc. v. Rethceif Enterprises*, LLC, No. 1:17-CV-0272 AWI SKO, 2018 WL

---

[2] As Genesis itself points out, any argument that DETCO was required to move for transfer while this case was stayed pending IPR lacks merit. (Pl.'s Opp'n (dkt. #33) 4.)

827768, at *4 (E.D. Cal. Feb. 12, 2018) (finding assertion of counterclaim did not waive venue challenge in patent case); *Rillito River Solar LLC v. Wencon Dev. Inc.*, No. CV-16-03245-PHX-DLR, 2017 WL 5598228, at *4 (D. Ariz. Nov. 21, 2017) (same); *see also* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1397 (3d ed. 2004) ("The trend in more recent cases is to hold that no Rule 12(b) defense is waived by the assertion of a counterclaim, whether permissive or compulsory.").

That said, the court credits Genesis's argument that DETCO's request in its opening brief to sever the infringement claim and proceed with *all* counterclaims, including its declaratory judgment claims for patent noninfringement and invalidity, makes the question of waiver a closer one. Still, as DETCO points out in its reply, *TC Heartland* did not change the venue requirements for *declaratory judgment* actions involving patents. *See, e.g.*, *Apicore US LLC v. Beloteca, Inc.*, No. 2:19-CV-00077-JRG, 2019 WL 1746079, at *6 n.11 (E.D. Tex. Apr. 18, 2019). As such, DETCO's position that venue is proper as to its counterclaims, including the patent-related may still be correct as a matter of law.

Fortunately, the court need not address that question, since none of DETCO's counterclaims have been actively litigation to date. Thus, Genesis has not been prejudiced by any delay in seeking a change in venue, and DETCO concedes in its reply brief that venue for its counterclaims is proper in the Eastern District of Michigan.

For these reasons, the court declines to find waiver and will grant DETCO's motion to transfer Genesis's patent claims.

7

## II. DETCO's Counterclaims

As just alluded to, DETCO has also affirmatively asserted its own counterclaims against Genesis in this lawsuit. In its opening brief, DETCO went so far as to ask this court just to sever Genesis's patent infringement claim, transferring only that claim to the Eastern District of Michigan. In its reply, however, DETCO does not contest that this court can exercise discretion and transfer the counterclaims as well. (*See* Def.'s Reply (dkt. #34) 6.) Neither party disputes that the Eastern District of Michigan is a proper venue to hear all of DETCO's counterclaims, including the breach of contract and promissory estoppel/reliance. Moreover, transferring the entire case ensures that Genesis is not prejudiced by having to litigate a declaratory judgment action in this court concerning the same patent claims at issue in its infringement action.

Because the Eastern District of Michigan is the only permitted venue to resolve Genesis's patent infringement claim after *TC Heartland* and *Cray*, and a proper venue for the consideration of the defendant's counterclaims, and because of the obvious efficiencies to all parties and the court in trying the entire case in one court, defendant's transfer motion will be granted for the entire case.

### ORDER

IT IS ORDERED that:

1) Defendant Detroit Edge Tool Company's motion to transfer to the Eastern District of Michigan (dkt. #29) is GRANTED.

2) The clerk of court is directed to transfer the entirety of this case to the Eastern District of Michigan.

Entered this 30th day of April, 2019.

                        BY THE COURT:

                        /s/
                        _____
                        WILLIAM M. CONLEY
                        District Judge