# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

---

GENESIS ATTACHMENTS, LLC,

                Plaintiff,

v.

DETROIT EDGE TOOL COMPANY,

                Defendant.

Case No. 19-cv-11266
Hon. Matthew F. Leitman

---

## PROTECTIVE ORDER

In the above-entitled action, Plaintiff Genesis Attachments, LLC ("Plaintiff") and Defendant Detroit Edge Tool Company ("Defendant") may seek discovery of documents, information or other material that may contain trade secrets or other confidential research, development, or commercial information of another Party or of third parties. The Parties reasonably believe that the public disclosure of trade secrets or other confidential research, development or commercial information would cause unnecessary financial and/or other competitive injury to the disclosing party. Therefore, upon stipulation of the Parties and pursuant to Federal Rule of Civil Procedure 26(c)(1), the following terms and conditions of this Protective Order

shall govern the disclosure, production, and use of information, documents and tangible things in connection with the above-entitled action.

1.    As used in this Protective Order, these terms have the following meanings:

    a.  "Attorneys" means outside counsel of record in the above-entitled action.

    b.  "Document" or "document" has the meaning prescribed in Fed. R. Civ. P. 26 and 34.

    c.  "Producing Party" means any Party or non-party producing documents, information, or tangible items in the above-entitled action.

    d.  "Receiving Party" means any Party or non-party that has been or becomes lawfully in the possession of documents, information, or tangible items produced by a Producing Party.

    e.  "CONFIDENTIAL" means documents or information not publicly known concerning, reflecting, revealing, or relating to processes, operations, production, shipments, or other confidential or proprietary commercial, marketing, advertising, financial, business operations, processes, or personnel information within the scope of Fed. R. Civ. P. 26(c)(1)(G). "CONFIDENTIAL" information is information which the Producing Party would not normally reveal to third parties, or if disclosed, would require such third parties to maintain the information in confidence.

    f.  "ATTORNEYS' EYES ONLY" means documents or information which would be of value to a competitor of the Producing Party and/or the disclosure of which would cause competitive harm or injury to the Producing Party if disclosed. "ATTORNEYS' EYES ONLY" information includes but is not limited to engineering, design, manufacturing, fabrication and assembly drawings of a Party's existing or future products and components and all research, development and other technical information related thereto, all non-published patent applications, current or future financial or technical trade secrets and plans and related information that may include financial data and

projections including profits, sales volumes and costs; non-public pricing information; past, present or future competitive analyses; business strategy; marketing strategy; non-public agreements or relationships with third parties, including but not limited to customers, distributors and suppliers including their identities; technical practices, methods, or other know-how; and research for and production of current or future products that are not covered by the claims of U.S. Reissue Patent No. RE45,341 and inventions in progress.

g. "TRIAL COUNSEL'S EYES ONLY" means documents or information which would be of value to a competitor of the Producing Party and the disclosure of which to any attorneys who participate in the prosecution in front of the United States Patent and Trademark Office of any claim in any patent application pertaining to the subject matter of the material marked "TRIAL COUNSEL'S EYES ONLY" would cause competitive harm or injury to the Producing Party if disclosed. "TRIAL COUNSEL'S EYES ONLY" information includes but is not limited to engineering, design, manufacturing, fabrication and assembly drawings of a Party's future products and components and all research, development and other technical information related thereto, all non-published patent applications, current or future technical trade secrets and plans and related information; technical practices, methods, or other technical know-how; and research for and production of future products that are not covered by the claims of U.S. Reissue Patent No. RE45,341 and inventions in progress.

h. "Protected Information" means collectively all information or documents designated "CONFIDENTIAL," "ATTORNEYS' EYES ONLY" or "TRIAL COUNSEL'S EYES ONLY" under this Protective Order.

2. All Protected Information shall be used solely for the purpose of this action, and no person receiving such documents or information shall, directly or indirectly, use, transfer, disclose, or communicate in any way the documents or their contents or other information to any person other than those specified in paragraphs 3, 4, or 5, respectively. Any other use is prohibited.

3. Access to any CONFIDENTIAL document or information shall be limited to:

    a. the Court, its staff, and the Court's appointed Special Master and his staff;

    b. Attorneys, employees and staff of their law firms working under the supervision of such Attorneys, e-discovery vendors, and vendors providing messenger, photocopying, or other clerical services with which Attorneys contract in connection with the above-captioned matter;

    c. persons shown on the face of the document to have authored or received it;

    d. court reporters and videographers retained to transcribe and/or record testimony;

    e. a Party's officers or employees directly involved in this case whose access to the information or documents is reasonably required to supervise, manage or participate in the case;

    f. outside independent persons (i.e., persons not currently or formerly employed by, or not consulting as a business consultant with, any Party) who are retained by a Party or its Attorneys to provide assistance as mock jurors or focus group members or the like, or to furnish technical or expert services regarding this matter, and/or to give testimony in this action ("Outside Independent Persons");

    g. other persons only upon order of the Court or any other person as to whom the Producing Party agrees in writing prior to such disclosure.

4. Access to any ATTORNEYS' EYES ONLY document or information shall be limited to the persons and entities identified in paragraphs 3(a), (b), (c), (d), (f) and (g).

5. Access to any TRIAL COUNSEL'S EYES ONLY document or information shall be limited to:

a. the Court, its staff, and the Court's appointed Special Master and his staff;

b. trial counsel of record in this litigation who have filed an appearance in front of the United States District Court for the Eastern District of Michigan to appear in Case No. 19-cv-11266-MFL-MKM, and such trial counsel's clerical staff working under the supervision of such trial counsel, e-discovery vendors, and vendors providing messenger, photocopying, or other clerical services with which such trial counsel contract in connection with the above-captioned matter;

c. persons shown on the face of the document to have authored or received it;

d. court reporters and videographers retained to transcribe and/or record testimony;

e. Outside Independent Persons; and

f. other persons only upon order of the Court or any other person as to whom the Producing Party agrees in writing prior to such disclosure.

6. Any individual permitted to receive another Party's TRIAL COUNSEL'S EYES ONLY documents or information, including any Outside Independent Person, who obtains or receives, in whole or in part, another Party's material marked TRIAL COUNSEL'S EYES ONLY under this Order shall not participate in the prosecution in front of the United States Patent and Trademark Office of any claim in any patent application pertaining to the subject matter of the material marked TRIAL COUNSEL'S EYES ONLY for one (1) year after

termination of this litigation (including appeals, if any), with the proviso that in the event a Party to this action requests a reexamination, *inter partes* review proceeding, post-grant review proceeding or a covered business method review proceeding of another Party's patent(s) related to the subject matter of this action, trial counsel of record, and any other individual, who, consistent with Paragraph 5, has received material marked TRIAL COUNSEL'S EYES ONLY, shall be allowed to participate in such proceeding(s) regardless of whether such trial counsel or individual has received material marked TRIAL COUNSEL'S EYES ONLY, but may not amend, substitute, or add claims to the Party's patent(s) during the proceeding. If it is believed that a Party has mismarked Protected Information as TRIAL COUNSEL'S EYES ONLY, any dispute over whether such information is properly designated under the terms of this Order shall be resolved according to the procedure set forth in Paragraph 19 herein, and, in the event of any dispute, the obligations under this paragraph shall remain in effect until such time as the Court resolves the dispute.

7.     The provisions of this Order, including the provisions of Section 6, shall not limit or restrict a Party from complying with such Party's duty of disclosure or candor before the U.S. Patent and Trademark Office as required under 35 C.F.R. § 1.56, with prior written notice to a Producing Party if the Receiving Party believes disclosure of any of Producing Party's Protected Information (i.e., either "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or "TRIAL COUNSEL'S

EYES ONLY") is required. If it is believed that a Party has mismarked material as Protected Information (i.e., either "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or "TRIAL COUNSEL'S EYES ONLY") and such material includes information material to the patentability of a pending patent claim, any dispute over whether such information is properly designated under the terms of this Order shall be resolved according to the procedure set forth in Paragraph 19 herein, and, in the event of any dispute, the obligations under this paragraph shall remain in effect until such time as the Court resolves the dispute.

8. Documents, information or material produced in this action and designated CONFIDENTIAL or ATTORNEYS' EYES ONLY or TRIAL COUNSEL'S EYES ONLY shall be used by the Parties in the litigation of only this action and shall not be used for any other purpose. Any person or entity who obtains access to Documents, information or material produced in this action that are designated CONFIDENTIAL or ATTORNEYS' EYES ONLY or TRIAL COUNSEL'S EYES ONLY pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such CONFIDENTIAL or ATTORNEYS' EYES ONLY or TRIAL COUNSEL'S EYES ONLY information or any portion thereof except as may be reasonably necessary in such litigation.

9.      Each person appropriately designated pursuant to paragraphs 3(f), 3(g), 4 (as to those described in 3(f) and 3(g)),5(e) and/or 5(f) to receive Protected Information shall execute a "Written Assurance" in the form attached to this Protective Order as Exhibit A.  Counsel for the Receiving Party shall notify counsel for the Producing Party at least seven (7) days prior to disclosure to any person required to execute a Written Assurance who is also known to be an employee or agent of or business consultant to any competitor of the Producing Party ("Receiving Party's notice").  The Receiving Party's notice shall provide a reasonable description of the person known to be an employee or agent of or business consultant to any competitor of the Producing Party to whom disclosure is sought sufficient to permit objection to be made, including such person's *curriculum vitae*.  If the Producing Party objects in writing to disclosure to the person further known to be an employee or agent of or business consultant to any competitor of the Producing Party within seven (7) days after receipt of the Receiving Party's notice, no disclosure shall be made until the Receiving Party seeking disclosure obtains the prior approval of the Court or the Producing Party.

10.     A Party may designate information in a Document or thing as Protected Information by clearly and prominently marking it on its face as CONFIDENTIAL or ATTORNEYS' EYES ONLY or TRIAL COUNSEL'S EYES ONLY, respectively.  To the extent that information is produced in a form rendering it

impractical to label (including electronically stored information produced on electronic, magnetic or other computer readable media), the Producing Party may designate such information as CONFIDENTIAL or ATTORNEYS' EYES ONLY or TRIAL COUNSEL'S EYES ONLY by cover letter, cover page, file name, slip page, or by affixing to the media containing the Protected Information or a label containing the appropriate legend provided for in Paragraphs 1(e) through 1(g) above. Whenever a Receiving Party reduces such computerized material designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY or TRIAL COUNSEL'S EYES ONLY to hard-copy form, the Receiving Party shall mark the hard-copy form with the appropriate legend provided for in Paragraphs 1(e) through 1(g) above. Whenever any Protected Information that is computerized material is copied into another form, the Receiving Party shall also mark those forms with the appropriate legend provided for in Paragraphs 1(e) through 1(g) above. A Producing Party may make Documents or things containing Protected Information available for inspection or copying without marking the original Documents or things as CONFIDENTIAL or ATTORNEYS' EYES ONLY or TRIAL COUNSEL'S EYES ONLY without forfeiting a claim of confidentiality, so long as the Producing Party causes any copies of the Documents or things to be marked as CONFIDENTIAL or ATTORNEYS' EYES ONLY or TRIAL COUNSEL'S EYES ONLY before providing them to the Receiving Party or within a reasonable time after discovering an inadvertent failure

to designate such copies.

11.     This order does not authorize the filing of any documents under seal.  If the court-appointed Special Master prepares a report, the Special Master shall, before the report is filed and made public, provide a draft of the report to counsel for the parties so that they may review the draft report and confer with the Special Master to assure that no information designated Protected Information under this Order is included in the report when it is filed or otherwise made public.  If a party identifies any information in the draft of the Special Master's report that is designated Protected Information under this Order, then the Special Master, unless otherwise directed by the Court, shall remove the Protected Information from the report before filing the report or otherwise making it public.  Documents may be sealed only if authorized by statute, rule, or order of the Court.  A party seeking to file under seal any paper or other matter in any civil case pursuant to this section shall file and serve a motion or stipulation that sets forth (i) the authority for sealing; (ii) an identification and description of each item proposed for sealing; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and, if a party files a motion only, (v) a memorandum of legal authority supporting the seal. See Local Rule 5.3. No party shall file or otherwise tender to the Clerk any item proposed for sealing unless the Court has

entered an order allowing filing under seal. Whenever a motion or stipulation to seal is filed, the party seeking to file under seal shall submit a proposed order which states the particular reason the seal is required. The proposed order shall be submitted via the link located under the "Utilities" section of CM/ECF.

12.     A Party may designate as Protected Information any responses to discovery requests, affidavits, exhibits, expert reports, briefs and memoranda of law, or portions of the foregoing, that the Party in good faith believes constitute or contain Protected Information under the terms of this Order.  If a Receiving Party intends to file any such designated Protected Information with the Court without moving to have the Protected Information filed under seal pursuant to Section 11 and Local Rule 5.3, the Receiving Party shall notify the Producing Party at least five (5) business days before such Protected Information is filed with the Court, of the identity of such Protected Information and that the Receiving Party does not intend to move to file the Protected Information under seal.  This notice is intended to provide the Producing Party the opportunity to move the Court pursuant to Section 11 to have such Protected Information, or some part of it, filed under seal if the Producing Party believes in good faith that the requirements of Section 11 and Local Rule 5.3 are met for the Protected Information to be filed under seal with the Court's approval.

13.     All depositions or portions of depositions taken in this action that contain Protected Information may be designated as such and thereby obtain the protections accorded other Protected Information.  A Party may designate a deposition transcript, or portion thereof, as CONFIDENTIAL or ATTORNEYS' EYES ONLY or TRIAL COUNSEL'S EYES ONLY by so stating on the record at the deposition or by advising all Parties and the stenographer and videographer in writing within seven (7) days after receipt of the final deposition transcript.  Until expiration of this seven (7)-day period or until designation is made, whichever comes first, the entire transcript shall be treated as TRIAL COUNSEL'S EYES ONLY regardless of whether previously so designated.  The deposition of any witness, or any portion of such deposition, encompassing Protected Information shall be taken only in the presence of individuals qualified to have access to such information pursuant to this Protective Order, unless otherwise agreed upon by the Parties or counsel on the record.  Nothing shall restrict a Receiving Party's counsel from deposing a witness employed by the Producing Party on documents designated by the Producing Party as CONFIDENTIAL or ATTORNEYS' EYES ONLY or TRIAL COUNSEL'S EYES ONLY.

14.     Failure to designate a document, thing, or piece of testimony as Protected Information does not constitute forfeiture of a claim of confidentiality as to any other document, thing, or piece of testimony.  Any Party or third party who

inadvertently fails to identify documents as Protected Information shall promptly upon discovery of the oversight, provide written notice of the error and substitute appropriately designated documents. The Receiving Party receiving such improperly designated documents shall make all reasonable efforts to retrieve such documents from persons not entitled to receive CONFIDENTIAL or ATTORNEYS' EYES ONLY or TRIAL COUNSEL'S EYES ONLY information, as the case may be, and upon receipt of the substitute documents, shall destroy all improperly designated copies.

15. Non-parties producing documents or information in the course of this action may also designate documents or information as Protected Information, subject to the same protections and constraints as the Parties to this action. A copy of this Protective Order shall be served along with any subpoena served in connection with this action. Each Party requesting discovery from a non-party by subpoena shall ensure that all Parties in this action receive a copy of the subpoena.

16. Nothing in this Order shall require production of documents or information that a party contends is protected from disclosure by the attorney-client privilege, the work product doctrine or other privilege, doctrine, right, or immunity. If information or document(s) subject to a claim of attorney-client privilege, the work product doctrine or other privilege, doctrine, right, or immunity, is nevertheless inadvertently or unintentionally produced (without regard to whether it was

mistakenly Bates numbered or included in a document production), such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, right or immunity.  Such inadvertently or unintentionally produced materials protected by the attorney-client privilege, the work product doctrine or other privilege, doctrine, right, or immunity, and all copies thereof, shall be returned to the Producing Party or destroyed within three (3) business days after the Producing Party notifies the Receiving Party in writing or within a reasonable time after actually becoming aware of the inadvertent production.  Once the Receiving Party has been notified that privileged or protected information was inadvertently produced by the Producing Party, or the Receiving Party has actually become aware of the inadvertent production, the Receiving Party shall comply with any additional requirements found in Federal Rule of Civil Procedure 26(b)(5)(B) with respect to the privileged or protected information, including as they relate to disclosure before notification of the inadvertent disclosure.  No use may be made of such documents or information.  Return or destruction of the information or material by the Receiving Party shall not constitute an admission or concession, or permit any inference, that the returned information or material is, in fact, properly subject to a claim of attorney-client privilege or work product immunity nor shall it foreclose any Party from moving the Court for an order that such information or material has been improperly designated or should be producible for reasons other than a waiver

caused by the inadvertent production. This Protective Order constitutes a Federal Rule of Evidence 502(d) order, establishing that any inadvertently or unintentionally produced material subject to the attorney-client privilege or work product immunity is not a waiver of such protection.

17. The Parties agree to abide by Federal Rule of Civil Procedure 26(b)(4) with respect to the discovery scope and limits for testifying and non-testifying experts in this action.

18. The restrictions set forth in any of the preceding paragraphs of this Order shall not apply to information that:

    a. Was, is, or becomes public knowledge not in violation of this Protective Order;

    b. Was lawfully possessed by the non-designating party prior to the date of this Protective Order and that the non-designating party is not otherwise obligated to treat as confidential;

    c. Was obtained by the non-designating party (without any benefit or use of Protected Information) from a third party having the right to disclose such information to the non-designating party without restriction or obligation of confidentiality; or

    d. Was submitted to a governmental entity without request for confidential treatment.

19. If a Party disputes ("Disputing Party") a Producing Party's designation of information as CONFIDENTIAL or ATTORNEYS' EYES ONLY or TRIAL COUNSEL'S EYES ONLY, the Disputing Party shall notify the Producing Party in writing of the basis for the dispute, identifying the specific documents or thing(s) as

to which the designation is disputed and proposing a new designation for such materials. Thereafter, further protection of such information shall be resolved in accordance with the following procedures:

    a. The Disputing Party and the Producing Party shall meet and confer to attempt to resolve the dispute either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute. The Disputing Party may proceed to the next stage of the process only if it has first engaged in this meet and confer process.

    b. Failing agreement, the Disputing Party may bring a motion to the Court for a ruling that the information in question is not entitled to the status and protection of the Producing Party's designation. When such a motion is filed, the Producing Party shall bear the burden of proving that the information has been properly designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY or TRIAL COUNSEL'S EYES ONLY.

    c. Notwithstanding any challenge to a designation, the Producing Party's designation shall remain applicable and in effect unless and until one of the following occurs: (a) the Producing Party withdraws such disputed designation in writing; or (b) the Court orders that a new designation shall apply.

20. No Party shall be required to identify on its respective privilege log any of the following documents or communications, which, absent this provision, the Party would have been obligated to so identify on said privilege log:

    a. Documents or communications dated on or after the date of the Complaint, June 10, 2016;

    b. All correspondence or other documents relating to this lawsuit between a Party and trial counsel, other outside counsel, or counsel's staff, including all such counsel and staff while this lawsuit was venued in the Western District of Wisconsin, dated on or after June 10, 2016; and

c. All Memoranda, notes, and files of trial counsel related to this lawsuit.

21.     No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

22.     The obligations imposed by this Protective Order shall survive the conclusion of this case, but nothing in this Protective Order shall be deemed to prevent the Parties from introducing any document designated CONFIDENTIAL or ATTORNEYS' EYES ONLY or TRIAL COUNSEL'S EYES ONLY into evidence at trial of this action, or from using any information contained in documents designated CONFIDENTIAL or ATTORNEYS' EYES ONLY or TRIAL COUNSEL'S EYES ONLY at the trial of this action, subject to any pretrial order issued by this Court and the Federal Rules of Evidence.

23.     A Party in receipt of documents or information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY or TRIAL COUNSEL'S EYES ONLY pursuant to this Protective Order who is required to disclose the document or information pursuant to any law, regulation, order, discovery request (including a subpoena), or rule of any governmental authority, shall give immediate advance notice, to the extent possible, or, if not possible, shall give notice as soon as possible thereafter, of any such requested or actual disclosure in writing to the Attorneys of the Producing Party and other Parties to afford the Producing Party or other Parties

a reasonable opportunity to seek legal protection from or otherwise limit the disclosure of such information or documents.

24.    Nothing in this Order shall be construed to prevent Attorneys from advising their clients with respect to this litigation based on Protected Information, provided that the Attorneys do not disclose the Protected Information itself, except as provided in this Protective Order.

25.    Within sixty (60) days after the termination of this action, including any appeals, each Party shall either destroy or return to the Producing Party all materials designated by the Producing Party as CONFIDENTIAL or ATTORNEYS' EYES ONLY or TRIAL COUNSEL'S EYES ONLY, and all copies of such documents, and shall destroy all extracts and/or data taken from such materials.  Each Party's obligation to destroy or return materials stored in electronic format shall be limited to electronic data that is reasonably accessible to the Party, and shall not extend to offsite backup, archival media or emails.  Outside counsel for Parties other than the Producing Party may retain one copy of each pleading, trial exhibit, deposition exhibit, work product and transcript embodying documents or information designated as Protected Information for archival purposes only, but shall destroy or return all additional copies of such pleadings, trial exhibits, deposition exhibits, work product and transcripts.  Upon request, the Parties and their counsel shall separately provide written certification to the Producing Party within sixty (60) days after the

final disposition of this action, including any appeals, that the actions required by this paragraph have been completed.

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: September 25, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on 9/5/2019, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN**

---

GENESIS ATTACHMENTS,
LLC,

       Plaintiff,

       v.

DETROIT EDGE TOOL
COMPANY,

       Defendant.

Court No. 19-cv-11266-MFL-MKM
Hon. Matthew F. Leitman
Magistrate Judge Mona K. Majzoub


**JURY TRIAL DEMANDED**

---

**WRITTEN ASSURANCE**

    I, _____, declare as follows:

    I reside at _____ in the city of _____, County _____, State of _____. I am currently employed by _____ located at _____ _____ and my current job title is _____.

    I have read and I understand the terms of the Protective Order dated _____, filed in the above-entitled action pending in the United States District Court for the Eastern District of Michigan. I agree to comply with and be

bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY or TRIAL COUNSEL'S EYES ONLY obtained pursuant to the Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order. As soon as practical, but no later than 30 days after final termination of this action, I shall return to the Attorney from whom I have received any documents designated as containing Protected Information and all copies, excerpts, summaries, notes, digests, abstracts and indices relating to such documents.

I declare under penalty of perjury that the foregoing is true and correct.

Executed:_____, 20___

_____

_____
Print Name